IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC BARKER,

   Petitioner,

v.                Civil no. 1:06cv162
                 Crim no. 1:04cr68(1)
                 (Judge Keeley)

UNITED STATES OF AMERICA,

   Respondent.

## OPINION/REPORT & RECOMMENDATION

On February 6, 2002, the petitioner pleaded guilty in the Southern District of West Virginia to violating 21 U.S.C. § 846. On May 7, 2004, petitioner was place on supervised release on the condition that he would not "purchase, posses, use, distribute, or administer any controlled substance . . . ." United States v. Barker, 6:01-cr-00256(1) (S.D. W.Va. 2001) at dckt. no. 176. Jurisdiction was transferred to the Northern District of West Virginia on September 13, 2004. On January 14, 2005, petitioner pleaded guilty to one count of Aiding and Abetting with intent to distribute 5 grams or more of cocaine base. For this crime, petitioner was sentenced on April 25, 2005, to 70 months imprisonment. The petitioner also received an 18 month sentence for violating the terms of his supervised release.

Petitioner, on November 7, 2006, filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence. In the initial § 2255 motion, petitioner argued that "the District Court erroneously concluded that it lacked discretion to impose sentence concurrent with current term of imprisonment." [Civ DE 1]. Petitioner then filed two Motions to Amend in which he

1

argues that § 2255's one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") should be equitably tolled. On June 20, 2008, the undersigned appointed counsel for petitioner and set a hearing to receive evidence and hear arguments from the parties about whether to equitably toll the statute of limitations. [Civ DE 28]. The respondent filed a motion to cancel evidentiary hearing, grant petitioner's 2255 motion and to set a re-sentencing hearing. [Civ DE 29].

## I. One-Year Time Limitation

In 1996, the AEDPA was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from, *et. al.*, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

## II. Analysis

As stated in the order scheduling an evidentiary hearing, the petitioner's § 2255 motion is clearly untimely. Petitioner was sentenced on April 25, 2005. His conviction became final on May 11, 2005. Under AEDPA, petitioner had until May 11, 2006, to timely file a § 2255 motion.

The petitioner did not file his § 2255 motion until November 7, 2006. However, the petitioner was also requesting that the statute of limitations be equitably tolled.

In the instant case, petitioner states that "counsel deceived and misrepresented him . . . by not filing a notice of appeal, yet telling petitioner he was researching the appeal." [Civ DE 6]. Moreover, the petitioner claims that there were frequent problems in reaching his counsel. Id. The petitioner also claims, and supports with affidavits from his mother and father, that counsel continued to state that he was researching an appeal well after the ten days that are allotted for a notice of appeal. Id. Finally, petitioner claims that in September 2006, approximately five months after the expiration of the statute of limitations under § 2255, counsel informed "petitioner's father to have petitioner file a § 2255 motion." Id. Petitioner, around one month later, untimely filed his § 2255 motion.

The undersigned, after much consternation over the petitioner's pleadings, decided that there was not enough information to determine if the statute of limitations could be equitably tolled. The government, however, in its motion stated that "after consultation with petitioner's prior counsel, [it] agrees that petitioner is entitled to have his § 2255 motion granted and to be re-sentenced in order to reset the time frame within which he may pursue an appeal." [Civ DE 29]. By conceding that petitioner is entitled to relief of his claims, the government has capitulated that the statute of limitations should be equitably tolled.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Cancel Evidentiary Hearing, Grant § 2255 Motion and Set Resentencing Hearing [Civ DE 29] be **GRANTED**. Moreover, the undersigned recommends that counsel be **RE-APPOINTED** for

purposes of re-sentencing and any post sentencing appeal to the Fourth Circuit[1]. In light of this finding, the undersigned further recommends that the respondent's Motion to Dismiss [Civ DE 22] be **DENIED as moot**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this order to counsel of record, the United States Marshal Service and all appropriate agencies.

DATED: July 8, 2008.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] The evidentiary hearing will be addressed by a separate order.

4