IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC BARKER

     Petitioner,


v.                       Civil Action No. 1:06cv162
                            Criminal Action No. 1:04cr68
                            (Judge Keeley)

UNITED STATES OF AMERICA,

     Respondent.


## ORDER ADOPTING REPORT AND RECOMMENDATION AND SETTING NEW SENTENCING HEARING

On November 11, 2006, petitioner Eric Scott Barker ("Barker"), acting pro se, filed a motion to Vacate, Set Aside or Correct his sentence under 28 U.S.C. § 2255 (Civ. Act. No. 1:06cv162, dkt. no. 1; Crim. Act. No. 1:04cr68, dkt. no. 17).  Barker asked the Court to reconsider its earlier judgment, in which it sentenced Barker to a consecutive term of months for a supervised release violation, rather than a concurrent term.  The motion was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation ("R&R") in accordance with Standing Order No. 4 and pursuant to Local Rule of Prisoner Litigation 83.15.

### I.  FACTS & PROCEDURAL BACKGROUND

Barker was originally sentenced in the Southern District of West Virginia for a violation of 21 U.S.C. § 846.  After serving a sentence of imprisonment, he was placed on supervised release, and supervision was transferred to the Northern District of West

## ORDER ADOPTING R&R AND SETTING NEW SENTENCING HEARING

Virginia. While on supervision, Barker was indicted in a separate case (case no. 1:04cr86), on drug-related charges. Ultimately, Barker pled guilty to Count Two of the indictment, aiding and abetting another individual in possession with intent to distribute five grams or more of cocaine base, and on April 27, 2005, was sentenced to 70 months of incarceration for that conviction.

In addition to the new criminal indictment, Barker's probation officer filed a petition asserting violations of the terms of his supervised release. On the same day that he was sentenced for his conviction on Count Two, the Court also sentenced Barker to serve 18 months for the violation of his supervised release, and ordered that sentence to run consecutive to his 70 month sentence in case number 1:04cr86.

In his initial § 2255 motion, Barker argues that the Court erroneously concluded that it could not order his sentence for the violation of his supervised release to run concurrent with his criminal sentence of 70 months. He therefore asked the Court to amend its judgment and run his revocation sentence concurrent to his criminal sentence. Shortly after filing that petition, Barker filed a motion to amend, which the Magistrate Judge granted. In his amended § 2255 petition, Barker fails to reassert his original claims, and instead alleges that his defense counsel was

ineffective because he failed to file an appeal of the sentence, despite Barker's request that he do so, and despite counsel's assurances that he would.  In addition, Barker acknowledges that he has filed his § 2255 petition outside of the one year statute of limitations time period required for such petitions, but argues that equitable tolling of the statute should apply in this case. Barker subsequently filed a second motion to amend, which Magistrate Judge Kaull construed as a motion to supplement the amended § 2255 petition, and granted in that capacity.

On August 6, 2007, after being directed to respond to the petition, the United States filed a motion to dismiss arguing that the statute of limitations barred the petition.  Magistrate Judge Kaull concluded that the § 2255 petition was clearly filed out of time, but that an evidentiary hearing was required in order to determine whether the statute of limitations should be equitably tolled in this case.  The Magistrate Judge appointed Federal Public Defender Brian J. Kornbrath ("Kornbrath") to represent Barker at that hearing, and set the hearing for July 22, 2008.

On July 7, 2008, the United States filed a motion asking the Court to grant Barker's § 2255 petition and cancel the evidentiary hearing.  In support of that motion, the Government stated that it has consulted with the attorney who represented Barker during the

ORDER ADOPTING R&R AND SETTING NEW SENTENCING HEARING

underlying criminal case and revocation hearing, and now believes that Barker's § 2255 motion should be granted and that Barker should be re-sentenced so that he may pursue an appeal to the Fourth Circuit.

Magistrate Judge Kaull issued an R&R on July 8, 2008, recommending that the Court grant the Government's motion and conduct a new sentencing hearing for Barker. He further recommended that the Government's earlier motion to dismiss be denied as moot, and that the Court re-appoint Kornbrath to represent Barker in his re-sentencing and in any subsequent appeal to the Fourth Circuit. The R&R directed the parties to file any objections within ten days. Both parties then filed notices indicating that neither has any objection to the Magistrate's R&R.

## II. ANALYSIS

Barker's original § 2255 petition requests that the Court amend his current sentence so that his 18 month revocation sentence is concurrent to his 70 month sentence for his conviction in case number 1:04cr86. Barker's amended petition, however, does not reassert this original request, but rather focuses on his prior counsel's failure to file an appeal to the Fourth Circuit on that issue. Nevertheless, because both petitions were filed pro se, the

## ORDER ADOPTING R&R AND SETTING NEW SENTENCING HEARING

Court will interpret the amended § 2255 petition as incorporating the relief sought in the original petition.  The original petition, therefore, is **DENIED AS MOOT**, and the Court will address all of the relief requested by Barker in the context of the amended petition.

While all parties recognize that Barker's § 2255 petitions were filed after the one year statute of limitations had expired, the parties agree that the statute of limitations should be equitably tolled, and, thus, that Barker should be permitted to file his § 2255 petitions in this case.  Furthermore, the Government concedes that Barker was denied an opportunity to appeal this issue to the Fourth Circuit as a result of mistake by his prior counsel.  Although Barker's <u>pro se</u> amended petition does not specifically seek re-sentencing, which would provide him with a new opportunity to appeal, the Court finds that such measure is the appropriate equitable relief in this case.  Thus, the Court **GRANTS-IN-PART** Barker's amended § 2255 petition, and **ORDERS** that Barker be re-sentenced so that his opportunity to appeal to the Fourth Circuit is renewed.

The Court declines, however, to amend Barker's sentences to run them concurrently, the relief sought by Barker in his original

ORDER ADOPTING R&R AND SETTING NEW SENTENCING HEARING

§ 2255 petition. Thus, it **DENIES-IN-PART** Barker's amended petition to the extent that such relief is requested.

### III. CONCLUSION

Accordingly, the Court **DENIES-AS-MOOT** Barker's original § 2255 petition (civ. dkt. no. 1), **GRANTS-IN-PART and DENIES-IN-PART** Barker's amended § 2255 petition (civ. dkt. no. 5), **DENIES AS MOOT** the Government's motion to dismiss Barker's § 2255 petition (civ. dkt. no. 22), **ADOPTS** the Magistrate's R&R (civ. dkt. no. 30), **GRANTS** the Government's "Motion to Cancel Evidentiary Hearing, Grant § 2255 Motion and Set Resentencing Hearing" (civ. dkt. no. 29), and **SCHEDULES** a hearing to re-sentence Barker on **July 22, 2008 at 2:00 p.m.** in the **Clarksburg, West Virginia** point of holding court. By separate order the Court will re-appoint Federal Public Defender Brian J. Kornbrath to represent Barker at his re-sentencing hearing and in any post sentencing appeal to the Fourth Circuit.

It is so **ORDERED.**

## ORDER ADOPTING R&R AND SETTING NEW SENTENCING HEARING

The Clerk is directed to mail a copy of this order to counsel of record, including Federal Defender Brian J. Kornbrath, and the appropriate agencies.

DATED: July 11, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE